**FILED**

**July 8, 2016**

**TN COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**

**Time 9:45 AM**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT MEMPHIS

| | | |
|---|---|---|
| JACQUELINE WEBB | ) | Docket No.: 2015-08-0373 |
| Employee, | ) | |
| v. | ) | State File Number: 23419-2015 |
| | ) | |
| FEDEX SERVICES | ) | |
| Employer. | ) | JUDGE AMBER E. LUTTRELL |
| | ) | |

## EXPEDITED HEARING ORDER GRANTING MEDICAL BENEFITS

This matter came before the undersigned Workers' Compensation Judge on June 3, 2016, upon the Request for Expedited Hearing filed by Jacqueline Webb pursuant to Tennessee Code Annotated section 50-6-239 (2015). Ms. Webb seeks medical and temporary disability benefits for an alleged bilateral carpal tunnel syndrome injury. FedEx Services denied compensability of Ms. Webb's alleged injury.

The present focus of this case is whether Ms. Webb is likely to establish at a hearing on the merits her alleged carpal tunnel injury arose primarily out of her employment with FedEx. Underlying issues include: (1) the date of Ms. Webb's injury and whether this Court has jurisdiction to render a decision on her claim; (2) whether Ms. Webb provided timely notice of her alleged injury, and if her claim is barred by the statute of limitations; and, (3) whether Ms. Webb is entitled to temporary disability benefits, past medical expenses and mileage. For the reasons set forth below, the Court finds it has jurisdiction to render a decision on Ms. Webb's claim, and that she came forward with sufficient evidence to establish she is likely to prevail at a hearing on the merits on the issues of notice, statute of limitations, and entitlement to a panel of physicians. However, the evidence was insufficient to establish she would prevail at a hearing on the merits regarding entitlement to temporary disability benefits, past medical expense reimbursement or mileage.[1]

---

[1] A complete listing of the technical record and exhibits admitted at the Expedited Hearing is attached to this Order as an appendix. The Court notes the page numbers listed in the bottom right corner of the exhibits represent the page numbers of the seventy-five total documents of the Dispute Certification Notice filed by the Mediator with the Court Clerk. Ms. Webb asserted, incorrectly, that the page numbers reflected on the exhibits represented the total number

## History of Claim

Ms. Webb is a fifty-one-year-old resident of Shelby County, Tennessee. FedEx Services employed her as a Senior Technical Analyst. Her job duties include extensive computer work involving monitoring and resolving error messages from various computer systems, and manually documenting transactions on the computer. Ms. Webb summarized 100 percent of her job involves repetitive computer work and data entry.[2] In the Petition for Benefit Determination (PBD), Ms. Webb alleged injuries consisting of "bilateral carpal tunnel syndrome, spinal, neck and nerve disorder." (T.R. 1.) At the Expedited Hearing, she alleged gradually occurring bilateral carpal tunnel syndrome.

Ms. Webb's testimony and the medical records admitted into evidence revealed the following history concerning her claim for a work-related injury: Ms. Webb's wrist symptoms began in 2010. She experienced "pain after work and knew it was not normal." She first sought treatment on her own in April 2011 with Dr. George Wood at Campbell Clinic. (Ex. 1.) She reported a six- to eight-month history of pain and numbness in the tips of her fingers and pain in her palms. Dr. Wood diagnosed "probable carpal tunnel syndrome." *Id.* Following a normal EMG, Dr. Wood diagnosed mild arthritis in the right wrist. He subsequently referred Ms. Webb to Dr. Calandruccio concerning mild arthritic change found on an x-ray.

Ms. Webb saw Dr. Calandruccio on October 5, 2011, for her right wrist pain. *Id.* Dr. Calandruccio noted her symptoms began one year prior and stated, "she had no injury at the time this began and it simply gradually started worsening at nighttime." Ms. Webb reported that she "does a lot of computer work and this has become more difficult." Dr. Calandruccio diagnosed "probable right carpal tunnel syndrome despite normal electrical studies," and referred her back to Dr. Wood. Ms. Webb returned to Dr. Wood on one occasion in 2012 for a wrist injection.

Ms. Webb did not seek treatment again until October 15, 2014. *Id.* According to Ms. Webb, she returned to Dr. Wood in 2014 because her pain intensified and she "knew it was different from the initial pain." She testified she was "in excruciating pain during the work shift and at night." Ms. Webb gave Dr. Wood a history of unchanged symptoms over the last two years. Dr. Wood ordered a repeat EMG study of the right wrist, which was positive for mild carpal tunnel syndrome. At this point, Dr. Wood referred Ms. Webb to his colleague, Dr. David Cannon, for surgical consideration.

On October 29, 2014, Ms. Webb saw Dr. Cannon. She complained of bilateral hand numbness and tingling. Dr. Cannon noted in the history that Ms. Webb worked as a

---

of documents she submitted to the Mediator and that certain documents she submitted were not filed with the Court.
[2] Ms. Webb admitted into evidence as Exhibit 10 a two-page, detailed job description she prepared. Ms. Webb testified page three of Exhibit 10 is a generic job description summary prepared by FedEx.

financial analyst at FedEx and did a lot of typing. Her primary complaints were in the right wrist; however, she informed Dr. Cannon she recently noticed the same symptoms beginning in the left wrist. Ms. Webb requested surgery on the right wrist, and Dr. Cannon performed a right carpal tunnel release surgery on November 5, 2014. Ms. Webb testified the surgery relieved her nerve pain, but her symptoms of carpal tunnel syndrome continued. Ms. Webb took FMLA leave from work for approximately two weeks following surgery.

Ms. Webb received follow-up care from Dr. Cannon through November and December 2014. She returned on January 15, 2015, and complained of continued left-sided symptoms. Ms. Webb also presented to Dr. Cannon a list of devices and accommodations she requested to assist her at work. Dr. Cannon opined that once she recovered from the surgery, she would not need any assistive devices or accommodations at work. Subsequently, per Ms. Webb's request, Dr. Cannon ordered an EMG on the left wrist and an ergonomic evaluation of her workstation due to her tendinitis-type symptoms.

In January 2015, Ms. Webb requested FedEx open an "On the Job Injury (OJI) claim" because her left hand symptoms increased at work and she "started connecting the dots that it may be work-related." She reported her OJI claim to her manager, Kenneth Connally. She also requested an ergonomic review of her workstation. FedEx accommodated her request and following the assessment, adjusted the height of her chair, and provided a new keyboard, mouse, and headphones. Ms. Webb also requested Dragon dictation software to reduce her typing, but did not receive it.

Following Ms. Webb's OJI report to FedEx, it filed a First Report of Injury listing the date of injury as September 16, 2014[3] and notice date of February 12, 2015, and Sedgwick began investigating the claim. (Ex. 7.) Ms. Webb's claims representative, Kylle Colquhoun, advised her he would need a physician's opinion regarding medical causation for her carpal tunnel syndrome. FedEx did not offer Ms. Webb a panel of physicians. Mr. Colquhoun testified Ms. Webb was "happy" to return to Campbell Clinic. Ms. Webb recalled she did not have a preference, and FedEx did not offer another doctor. Mr. Colquhoun contacted Campbell Clinic and requested a causation opinion. Pursuant to their instructions, Mr. Colquhoun scheduled an appointment with Dr. Michael Alday, an orthopedist at Campbell Clinic specializing in workers' compensation injuries, for evaluation only concerning medical causation.

Ms. Webb presented to Dr. Alday on May 28, 2015.[4] (Ex. 1.) Dr. Alday noted her

---

[3] The Court notes no proof was offered into evidence regarding the significance of the date of injury listed in the First Report. Ms. Webb's counsel stated in closing argument that September 16, 2014, represented when Ms. Webb began seeking treatment in 2014 for increased symptoms.

[4] The Court notes prior to seeing Dr. Alday, Ms. Webb returned, on her own, to Dr. Cannon on April 2, 2015 for follow-up treatment. He noted her left EMG was normal. Ms. Webb complained of pain in her hands and wrists with

3

symptoms began in the left hand in November 2014. He took a history noting Ms. Webb's long-standing issue with chronic bilateral hand pain and numbness. She primarily complained of symptoms in the left hand on that visit. Dr. Alday noted a history of her work duties stating "her primary role is data mining and works at a computer keyboard station." "Her primary role is to monitor the computers and look for error messages. She does keyboard and data entry." *Id.* They discussed changes made to her workstation which consisted of: an ergonomic keyboard, a foot lift device, chair adjustment, and ergonomic mouse. Dr. Alday stated, "She will also be receiving an ergonomically designed mouse to help reduce tension in the wrist." *Id.* He further commented, "her job description from FedEx was reviewed, which placed her physical job aspects in the sedentary category. She is not required to do any heavy lifting, pushing, or pulling." (Ex. 10, p.3.) Following a physical examination, Dr. Alday diagnosed "status post carpal tunnel syndrome with carpal tunnel release of the right wrist and left wrist tendinitis." Dr. Alday opined Ms. Webb reached maximum medical improvement regarding her tendinitis in the left wrist and returned her to full duties without restriction. *Id.*

Subsequently, Dr. Alday sent a June 22, 2015 causation letter to Sedgwick. Dr. Alday stated the following:

> I have also been asked by workers' compensation insurance carrier to render an opinion whether or not her current symptoms in her left hand and wrist are work related. After review of her job activities, which includes mostly clerical, it is my professional medical opinion that her current job activities and essential job functions are not considered to be high risk for any repetitive motion injury. Therefore, it is my expert medical opinion that her current symptoms in her left wrist and hand are not considered work related and no further treatment is indicated at the present time. It is also my medical opinion that she has received appropriate treatment for her right carpal tunnel and has reached maximum medical improvement regarding this condition as well. The above expressed opinions in this memo are based on a reasonable degree of medical certainty.

*Id.*

Following Dr. Alday's report, FedEx denied Ms. Webb's workers' compensation claim via an August 3, 2015 denial letter. (Ex. 11.)

Mr. Colquhoun testified on cross-examination that, prior to Dr. Alday's opinion,

---

activities and "thinks this may be related to the way she is doing her job." Dr. Cannon opined the left hand symptoms were likely caused "by the tightness putting pressure on her cervical nerve roots or brachial plexus." He advised her to pursue therapy to work on various postural and range of motion exercises. Regarding the intermittent tendinitis, Dr. Cannon advised Ms. Webb to engage in activity modifications and take anti-inflammatories as needed. He released Ms. Webb to return as needed with no work restrictions.

4

he believed Ms. Webb's claimed injury would be deemed work-related based upon her records and the work she did at FedEx. Mr. Colquhoun also conceded Dr. Alday stated he did not believe the left wrist was work-related; however, he did not give a specific causation opinion as to the right wrist. Mr. Colquhoun interpreted Dr. Alday's causation opinion to cover both the left and right wrists.

Following the denial of her claim, Ms. Webb sought additional treatment on her own at Johnson Family Chiropractic Clinic and Tabor Orthopedics. Ms. Webb admitted into evidence an EMG study ordered by Dr. Tabor and performed by Dr. Lee-Sigler at Memphis Spine Center on August 18, 2015. (Ex. 4.) The study revealed "median neuropathy at the right wrist affecting sensory and motor fibers-moderate severity."[5] (Ex. 4.)

Ms. Webb also admitted into evidence two letters from Dr. Reed Johnson at Johnson Family Chiropractic Clinic dated September 9 and September 17, 2015. (Ex. 9.) According to Dr. Johnson's September 9 letter, he treated Ms. Webb for the following conditions: cervical subluxation, brachial neuritis, thoracic subluxation, and lumbar subluxation. *Id.* In his September 17th letter, Dr. Johnson stated he treated Ms. Webb beginning on July 1, 2015, "after carpal tunnel release surgery was minimally successful." *Id.* Ms. Webb reported to Dr. Johnson that her work activities aggravated her carpal tunnel syndrome. Dr. Johnson opined, "I am of the opinion that Ms. Webb's repetitive motion at work is aggravating her carpal tunnel syndrome and may have been the initiating factor in her condition." *Id.*

Ms. Webb filed a PBD seeking medical and temporary disability benefits. The parties did not resolve the disputed issues through mediation, and the Mediating Specialist filed a Dispute Certification Notice (DCN). Ms. Webb filed a Request for Expedited Hearing.

At the Expedited Hearing, Ms. Webb asserted she engaged in extensive repetitive work at FedEx that caused this injury. She denied any outside hobbies that would have caused her carpal tunnel syndrome. Ms. Webb argued FedEx improperly denied her claim based upon a ten to fifteen minute conversation with Dr. Alday, with no physical exam. She further disputed the accuracy of Dr. Alday's causation letter regarding his comment that she received Dragon software to reduce keystrokes at work. Ms. Webb requested Dragon Software, but stated she never received it. She further argued Dr. Alday failed to give a causation opinion specific to the right wrist. She relied upon the opinion of her chiropractor, Dr. Johnson, for her medical proof. Ms. Webb further asserted she gave proper and timely notice to her manager in January 2015, once she realized her injury was related to her work activities. Ms. Webb contended she needs additional medical

---

[5] The EMG additionally indicated findings in the cervical innervated muscles; however, the Court did not consider any cervical findings in Ms. Webb's records since the injury alleged at the Expedited Hearing was bilateral carpal tunnel syndrome.

treatment for her arms. She further requested temporary disability benefits for the period she was off work following her right wrist surgery with Dr. Cannon and reimbursement of medical bills and mileage set forth in Exhibits 12 and 13.

FedEx countered that Ms. Webb did not meet her burden of establishing medical causation in support of her claim. It argued Dr. Alday opined Ms. Webb's carpal tunnel syndrome was not work-related and his opinion is entitled to a presumption of correctness afforded panel selected physicians in Tennessee Code Annotated section 50-6-102(14)(e) (2015). FedEx further contended Dr. Johnson's opinion was inadequate on its face to establish medical causation. FedEx alternatively argued Ms. Webb's claim is barred by the statute of limitations as she knew or should have known her carpal tunnel syndrome was a work-related injury when she treated with Dr. Calandruccio in 2011. It further contended Dr. Alday's visit was an evaluation only and did not toll the running of the statute of limitations. Finally, if compensable, FedEx asserted Ms. Webb is not entitled to medical expenses, temporary disability benefits, or mileage prior to giving notice of an alleged work-injury to her employer on February 12, 2015.[6]

### Findings of Fact and Conclusions of Law

Because this case is in a posture of an Expedited Hearing, Ms. Webb need not prove every element of her claim by a preponderance of the evidence in order to obtain relief. *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). Instead, she must come forward with sufficient evidence from which this court might determine she is likely to prevail at a hearing on the merits. *Id.*; Tenn. Code Ann. § 50-6-239(d)(1) (2015).

### *Date of Injury*

Tennessee Code Annotated section 50-6-102(14)(A) (2015) provides that an accidental injury must be "identifiable by time and place of occurrence." "In the case of a gradually occurring injury, the last-day worked rule is used to help identify a date which the injury occurred." *Bldg. Materials Corp. v. Britt*, 211 S.W.3d 706, 711 (Tenn. 2007); *see also Lawson v. Lear Seating Corp.*, 944 S.W.2d 340, 341-42 (Tenn. 1997). "The last day worked is determined by reference to the date on which the employee could no longer perform his or her work." *Mathenia v. Milan Seating Sys.*, 254 S.W.3d 313, 320 (Tenn. 2007). The Workers' Compensation Appeals Board concluded "the last day worked rule remains viable when the applicable provisions of the 2013 Reform Act are construed 'fairly, impartially, and in accordance with the basic principles of statutory construction,' and 'in a manner favoring neither the employee nor the employer.'" *See*

---

[6] The Court notes a discrepancy in the date Ms. Webb notified FedEx of her alleged work injury. Ms. Webb alleged she reported an OJI to her manager in January 2015. FedEx argued she reported her alleged injury on February 12, 2015, which is set forth in the First Report of Injury. (Ex. 7.)

*Maples v. Federal-Mogul Corp.*, No. 2015-04-0039, 2016 TN Wrk. Comp. App. Bd. LEXIS 8, at *27 (Tenn. Workers' Comp. App. Bd. Feb. 17, 2016).

In the instant case, Ms. Webb listed the date of injury to be September 16, 2014, in the PBD. FedEx contended the appropriate date of injury for Ms. Webb's claim is October 5, 2011, when Dr. Calandruccio diagnosed "probable right carpal tunnel syndrome." It argued the statute of limitations began running on that date as she had sufficient information at that time to know her condition related to her work activities. The Court disagrees. On that date, Dr. Calandruccio noted in the history, "She had no injury at the time this began and it simply gradually started worsening at nighttime." (Ex. 1.) The Court finds there is nothing in the record to indicate Dr. Calandruccio causally related her condition to her employment or that Ms. Webb knew or reasonably should have known her condition was work related in 2011. The Court further finds no evidence that Ms. Webb missed work in 2011 as a result of her condition.

Ms. Webb testified she first missed work for her injury on November 5, 2014, when she underwent right carpal tunnel release surgery and took FMLA leave the two weeks following surgery. FedEx produced no evidence to the contrary. Accordingly, pursuant to the "last day worked rule," the Court finds Ms. Webb's date of injury to be November 4, 2014. Therefore, this Court has jurisdiction under Tennessee Code Annotated section 50-6-237 (2015).

*Statute of Limitations*

Tennessee Code Annotated section 50-6-203 (2015) provides that if an employer has not paid any benefits, an employee must file a PBD within one year after the accident resulting in injury. As stated above, the Court determines November 4, 2014, is the date of Ms. Webb's injury. Ms. Webb filed a PBD on August 31, 2015, well within one year of her alleged injury. As a result, the Court finds the statute of limitations does not bar Ms. Webb's claim for workers' compensation benefits.

*Notice*

In gradually occurring injury cases, Tennessee Code Annotated section 50-6-201(b) (2015) provides an employee shall provide notice within thirty days after the employee:

1) Knows or reasonably should know that the employee has suffered a work-related injury that has resulted in a permanent impairment; or

2) Is rendered unable to continue to perform the employee's normal work activities as a result of the work-related injury and the employee knows or reasonably should know that the injury was caused by work-related activities.

7

Here, the Court determines Ms. Webb was unable to continue her normal work activities on November 4, 2014. However, the uncontroverted proof at the Expedited Hearing indicated Ms. Webb did not know or reasonably should have known her work-related activities caused her injury until January or February 2015, when her left hand symptoms increased and she "started connecting the dots that her condition may be work related," and requested FedEx review her workstation. The Court finds nothing in the medical records dating back to 2011 indicated any doctor causally related Ms. Webb's condition to her employment.

The Court further finds the medical records from Dr. Cannon in January and February 2015 support Ms. Webb's testimony concerning her increase in left hand symptoms and that she believed her condition was related to her work activities in January and February 2015. Ms. Webb saw Dr. Cannon for follow up on January 15, 2015, and reported to him that her "left side is doing the same thing as the right." (Ex. 1.) She complained of pain in her wrist area and throbbing when doing a lot of tasks with her arm. Ms. Webb presented Dr. Cannon a list of accommodations and devices she believed would help her at work. On February 3, 2015, Ms. Webb requested Dr. Cannon order an evaluation of her workstation "to see if there are some tools that can be ordered for her that would allow her to do her work with less stress on her hands and wrists." *Id.* Dr. Cannon complied with her request and ordered the evaluation.

Ms. Webb testified she gave notice to FedEx of her work injury in January 2015 by reporting an OJI to her manager, Kenneth Connally. The only other proof at the Expedited Hearing concerning the date of notice was the First Report of Injury listing February 12, 2015, as the date the employer was notified. (Ex. 7.) Based upon the uncontroverted testimony of Ms. Webb on this issue, the Court finds Ms. Webb is likely to prevail at a hearing on the merits regarding giving adequate notice under Tennessee Code Annotated 50-6-201(b) (2015).

*Causation*

The controlling statute is Tennessee Code Annotated section 50-6-102(14) (2015). It provides that to be compensable, Ms. Webb must show her alleged injury arose primarily out of and in the course and scope of her employment. To do so, she must show her injury was caused by an incident, or specific set of incidents, identifiable by time and place of occurrence. Tenn. Code Ann. § 50-6-102(14)(A) (2015). Further, she must show, "to a reasonable degree of medical certainty that it contributed more than fifty percent (50%) in causing the . . . disablement or need for medical treatment, considering all causes." Tenn. Code Ann. § 50-6-102(14)(C) (2015).

Ms. Webb argued her testimony, combined with the opinion of Dr. Johnson, are sufficient at this interlocutory stage to prove she is entitled to medical treatment. FedEx asserted Ms. Webb failed to produce sufficient evidence to show she is likely to prevail

8

on the issue of causation regarding her alleged work-related injury. Specifically, it argued Dr. Johnson's opinion, on its face, is insufficient to meet the requisite causation standard. It further argued Dr. Alday opined Ms. Webb's condition was not work-related and asserted Dr. Alday's opinion should be afforded the presumption of correctness on the issue of causation.

In analyzing the medical proof, the Court turns first to the issue of whether Dr. Alday's causation opinion is entitled to the presumption of correctness set forth in Tennessee Code Annotated section 50-6-102(14)(E) (2015), which provides: "[t]he opinion of the treating physician, selected by the employee from the employer's designated panel of physicians. . . shall be presumed correct on the issue of causation but this presumption shall be rebuttable by a preponderance of the evidence." The uncontroverted proof at the Expedited Hearing indicated FedEx did not offer Ms. Webb a panel of physicians to select a treating physician. Instead, Mr. Colquhoun scheduled Ms. Webb a medical causation evaluation only appointment with Dr. Alday.

Based upon the testimony of Mr. Colquhoun and a reading of the statute, the Court finds Dr. Alday was not a "treating physician, selected by the employee from the employer's designated panel of physicians," and his causation opinion is not entitled to a presumption of correctness in this case.

Turning to the medical opinions before the Court, the Court further finds Dr. Alday's causation opinion somewhat unclear and not persuasive. Ms. Webb argued, and the Court agrees, that Dr. Alday's report of June 22, 2015, only addressed causation for her left wrist and hand and *not* her right wrist carpal tunnel syndrome. Also, the Court finds Dr. Alday appeared to base his causation opinion, in part, upon a job description provided by FedEx, which stated the physical aspects of her position are "sedentary." (Ex. 10 at 3.) Dr. Alday stated, "After review of her job activities, which includes mostly clerical, it is my professional medical opinion that her current job activities and essential job functions are not considered to be high risk for any repetitive motion injury." (Ex. 1.) The Court finds the general "sedentary" description of Webb's job position, upon which Dr. Alday relied, is inconsistent with the detailed testimony of Ms. Webb regarding the hand-intensive physical duties of her job, which the Court found credible.

The only other medical opinion before the Court is a letter from Dr. Johnson, Ms. Webb's chiropractor. Dr. Johnson stated, "I am of the opinion that Mrs. Webb's repetitive motion at work is aggravating her carpal tunnel syndrome and may have been the initiating factor in her condition." (Ex. 9.) FedEx argued, and the Court agrees, that Dr. Johnson's opinion fails to prove Ms. Webb's carpal tunnel syndrome arose primarily out of and in the course and scope of her employment. However, Ms. Webb does not have to prove compensability to establish FedEx's obligation to provide a panel of physicians from which she may choose an authorized physician. *McCord, supra,* at *16-17. In *McCord,* the Workers' Compensation Appeals Board found that:

9

[W]hether the alleged work accident resulted in a compensable injury has yet to be determined. Therefore, while Employee has not proven by a preponderance of the evidence that she suffered an injury arising primarily out of and in the course and scope of employment, she has satisfied her *burden at this interlocutory stage* to support an Order compelling Employer to provide a panel of physicians.

*Id.* at *17 (emphasis added). Thus, the question becomes whether Ms. Webb has provided sufficient evidence to satisfy her "burden at this interlocutory stage" that she is entitled to a panel of physicians. *Id.*

The administrative rules governing an employer's obligation to provide a panel state, "[u]pon notice of any workplace injury, other than a minor injury for which no person could reasonably believe requires treatment from a physician, the employer shall immediately provide the injured employee a panel of physicians that meets the statutory requirements for treatment of the injury." Tenn. Comp. R. & Regs. 0800-02-01-.25(1) (2015). An employer who fails to comply with this rule without good cause could be assessed a civil penalty of up to $5,000. *Id.*

The Court finds Ms. Webb's job as a senior technical analyst at FedEx required quick, extensive, and repetitive manual transactions on the computer. She experienced intensified pain performing her work and reported a work-related injury to her hands and wrists in January or February 2015 to her manager, Mr. Connally. Based upon the proof, the Court finds Ms. Webb provided sufficient evidence to satisfy her "burden at this interlocutory stage" that she is entitled to panel of physicians. As a result, FedEx is ordered to provide a panel of physicians within Ms. Webb's community from which she may choose an authorized physician in accordance with Tennessee Code Annotated section 50-6-204(a)(1)(A) (2015).

*Temporary Disability Benefits, Past Medicals, and Mileage*

The Court is unable to grant any other relief to Ms. Webb at this time. Ms. Webb requested temporary total disability for the period of time she was off work following her carpal tunnel surgery in November 2014, as well as medical expenses and mileage reimbursement dating back to 2011. FedEx argued Ms. Webb is not entitled to any workers' compensation benefits *prior to* giving notice of a work injury to FedEx in February 2015. The Court agrees. Pursuant to Tennessee Code Annotated 50-6-201(a)(1) (2015), the Court finds Ms. Webb is not entitled to any compensation until the giving of notice to her employer.

Ms. Webb further requested medical expenses and mileage reimbursement for unauthorized medical visits subsequent to February 12, 2015, as itemized in Exhibits 12

and 13. The Court notes the itemized medical expenses provided in Exhibit 12 list only a date, address, and deductible paid for the office visit. The itemization fails to identify the medical providers seen by Ms. Webb on the dates of service and does not indicate whether the treatment was for the alleged work related injury. Moreover, Ms. Webb did not provide any medical bills or other evidence establishing the services sought were reasonable and necessary for the alleged work injury. In sum, the Court finds the proof is insufficient to conclude that Ms. Webb is likely to prevail at a hearing on the merits on this issue. Accordingly, Ms. Webb's request for medical expenses and mileage subsequent to February 12, 2015, is denied at this time.

**IT IS, THEREFORE, ORDERED** as follows:

1. FedEx shall provide a panel of physicians from which Ms. Webb may choose an authorized physician for evaluation, and if necessary, treatment of her alleged injuries to her wrists and hands in accordance with Tennessee Code Annotated section 50-6-204(a)(1)(A) (2015).

2. Ms. Webb's request for temporary total disability benefits is denied.

3. Ms. Webb's requests for reimbursement of medical expenses and mileage are denied at this time.

4. This matter is set for an Initial (Scheduling) Hearing on Monday, September 12, 2016 at 10:00 a.m. Central Time.

5. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3) (2015). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email WCCompliance.Program@tn.gov or by calling (615) 253-1471 or (615) 532-1309.

**ENTERED** this the 8th day of July, 2016.

**Judge Amber E. Luttrell**
**Court of Workers' Compensation Claims**

11

Initial (Scheduling) Hearing:

An Initial (Scheduling) Hearing has been set with **Judge Luttrell, Court of Workers' Compensation Claims. You must call 731-422-5264 or toll-free at 855-543-5039 to participate in the Initial Hearing.**

**Please Note: You must call in on the scheduled date/time to participate. Failure to call in may result in a determination of the issues without your further participation.**

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited

Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within five business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if any, with the Court Clerk within five business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

# APPENDIX

Exhibits:

1) Collective medical records of the following providers:
   a. Campbell Clinic Orthopedics
   b. EMG Clinic of Tennessee
   c. Campbell Clinic Surgery Center
   d. Correspondence from Dr. Michael Alday;
2) Medical record of Dr. Ronald Bingham dated March 2, 2015;
3) Medical record of Dr. Judith Lee-Sigler dated August 18, 2015;
4) Medical record of Memphis Spine Center dated August 18, 2015;
5) Medical record of St. Francis Hospital (MRI) dated July 24, 2015;
6) Amended Supplemental Medical Report of Dr. Judith Lee-Sigler;
7) First Report of Work Injury;
8) Wage Statement;
9) Correspondence from Dr. R. Reed Johnson-Johnson Family Chiropractic dated September 9, 2015 and September 17, 2015;
10) Description of job duties prepared by Ms. Webb and Fed Ex's job position summary;
11) Sedgwick denial letter;
12) Itemized medical expenses list prepared by Ms. Webb; and
13) Itemized mileage reimbursement request prepared by Ms. Webb.

Technical Record:

1) Petition for Benefit Determination;

2) Dispute Certification Notice;

3) Request for Expedited Hearing;

4) Position Statement of FedEx;

5) Employer's Request for In-Person Expedited Hearing;

6) Order for Full Evidentiary Expedited Hearing;

7) Employee's Affidavit in Support of Request for Expedited Hearing; and

8) C-31 Medical Waiver and Consent Authorizations

14

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 8th day of July, 2016.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|------|----------------|---------|-----------|------------------|
| Linda K. Garner, Esq., Employee's Attorney | | | X | Lgarner4@comcast.net |
| Jonathan L. May, Esq., Employer's Counsel | | | X | jmay@lewisthomason.com; gtaylor@lewisthomason.com |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov